UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JAMES BELLINGER,<br><br>   Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>   Respondent. | No. 2:23-cv-01043-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 8, 9) |

Petitioner Brian James Bellinger is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2023, the assigned magistrate judge issued findings and recommendations recommending that this federal habeas action be summarily dismissed because petitioner's first amended petition "does not articulate any cognizable grounds for relief, identify any information concerning state court proceedings, set forth any supporting facts, or state a request for relief." (Doc. No. 8 at 2.) Indeed, the pending findings and recommendations noted that petitioner answered many questions on the form habeas petition with "n/a" and "no more," "no more stated, thank you, no more." (*Id.* at 1–2.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14)

1

1 days after service. (*Id.* at 2.) To date, petitioner has not filed any objections and the time in
2 which to do so has passed.

3       On September 5, 2023, petitioner filed a two-sentence document stating, "there's no need
4 to rant, I need an extension to file another writ another way because of your understanding ability
5 . . . no more ruling me out, thank you, no more." (Doc. No. 9.) To the extent petitioner's filing is
6 a motion for an extension of time to file a second amended petition, that motion will be denied
7 because petitioner has not articulated any reason for the court to grant him leave to file a second
8 amended petition nor offered any allegations that he would include in a further amended petition.

9       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
10 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
11 pending findings and recommendations are supported by the record and proper analysis.

12       Having concluded that the pending petition must be dismissed, the court also declines to
13 issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute
14 right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*
15 *Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may
16 only issue a certificate of appealability when a petitioner makes a substantial showing of the
17 denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas
18 relief on procedural grounds without reaching the underlying constitutional claims, the court
19 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
20 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21 find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
22 *McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists
23 would not find the court's determination that the pending petition must be dismissed to be
24 debatable or wrong. Thus, the court declines to issue a certificate of appealability.

25       Accordingly,
26       1.    The findings and recommendations issued on August 21, 2023 (Doc. No. 8) are
27            adopted in full;
28       2.    The first amended petition for writ of habeas corpus (Doc. No. 5) is dismissed;

1    3.   Petitioner's motion for an extension of time (Doc. No. 9) is denied;

2    4.   The court declines to issue a certificate of appealability; and

3    5.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3